# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARTHA S. HASH,                )
                               )
        Plaintiff,    )
                               )
v.                             )    Case No. CIV-16-187-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.    )

## OPINION AND ORDER

Plaintiff Martha S. Hash (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 60 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a stocker and cashier and medical clerk. Claimant alleges an inability to work beginning September 10, 2011 due to limitations resulting from back pain from an injury, knee problems, diabetes which causes her feet and legs to go numb, and hand

problems.

## Procedural History

On January 2, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On October 26, 2012, Claimant filed an application for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 5, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Deborah L. Rose by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. By decision dated August 26, 2014, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review on March 11, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. She also determined Claimant could perform a reduced range of sedentary

work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in evaluating Claimant's ability to engage in her past work at step four.

## Step Four Assessment

In her decision, the ALJ found Claimant suffered from the severe impairments of diabetes mellitus with neuropathy, degenerative disc disease and compression fracture of the thoracic spine, and as of July 28, 2012, a fractured right patella. (Tr. 11). The ALJ determined Claimant retained the RFC to perform a reduced range of sedentary work, in that she could lift/carry up to ten pounds, stand/walk for two hours out of an eight hour workday, and sit for about six hours out of an eight hour workday. Claimant could only occasionally climb, stoop, kneel, crouch, and crawl. She could frequently handle and finger. (Tr. 12).

After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a cashier II which was performed at the light level of exertion and unskilled and medical record clerk, which was performed at the light and sedentary levels of exertion and semi-skilled. (Tr. 19). As a result, the ALJ determined Claimant was not disabled from September 10, 2011 through the date of the decision. Id.

Claimant contends the ALJ failed to properly consider the required phases at step four. The ALJ's findings as to Claimant's ability to perform at an exertional level are, to say the least, confused. In the RFC, the ALJ restricts Claimant to a "reduced range of sedentary work." (Tr. 12). At step four, the ALJ begins by stating, "[t]he claimant is capable of performing past relevant work as a cashier II . . ., which is performed at the light level of exertion and unskilled . . . and medical record clerk . . . which is performed at the light and sedentary levels of exertion and semiskilled." In the discussion of these findings, the ALJ states that

> Within the past 15 years, the claimant performed these jobs at the substantial gainful activity level, and did them lone enough to learn the jobs. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually performed. The vocational expert testified that claimant could return to her past relevant work, as the residual functional capacity for the light level of exertion is within the parameters of the cashier II and medical record clerk.

(Tr. 19).

The vocational expert testified that the Claimant could perform the medical records clerk job as she performed it. (Tr. 46).

"[R]esidual functional capacity consists of those activities

6

that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

The ALJ's decision employs three exertional levels with quite different requirements. At varying instances, the ALJ finds Claimant is restricted to less than sedentary work, may perform light work, and relies on vocational expert testimony which required work to be performed at the sedentary exertional level.

There are times when a decision or a finding within a decision is so fraught with confusion and error that the true intent of the ALJ is not readily apparent or is subject to potential misinterpretation. This decision - particularly the most crucial findings in the RFC - represents such a situation. On remand, the ALJ shall clearly set forth her findings regarding Claimant's ability to perform basic work activities in the RFC at a single, particular exertional level and buttress those findings with support in the medical record.

Claimant makes additional arguments concerning the deficiency in the ALJ's decision at step four. However, until the RFC is properly determined, the step four findings cannot not supported by substantial evidence. On remand, the ALJ shall re-evaluate her step four findings in conjunction with a reconstituted RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings.**

IT IS SO ORDERED this 19th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE